UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRYCE BERNACCHI, | ) |
|       Plaintiff, | ) |
| v. | ) No. 2:22-cv-00014-JPH-MG |
| DENNIS MEYER, et al. | ) |
|       Defendants. | ) |

**ORDER SCREENING THE COMPLAINT**

Bryce Bernacchi is a prisoner at Wabash Valley Correctional Facility. He brings this lawsuit alleging that a prison dentist and corporate health care provider were deliberately indifferent to his tooth pain. Because Mr. Bernacchi is a prisoner, the Court must screen his complaint before directing service on the defendants.

**I. SCREENING STANDARD**

The Court will dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court applies the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. THE COMPLAINT

The complaint names Dr. Dennis Meyer and Wexford Health as defendants. Mr. Bernacchi is seeking compensatory damages and declaratory relief. The complaint makes the following allegations:

On April 22, 2021, Mr. Bernacchi submitted a health care request form seeking dental care. The request stated that Mr. Bernacchi was in pain. The request was "received by dental" on April 26, 2021, but Mr. Bernacchi did not receive dental treatment.

On June 8, 2021, Mr. Bernacchi submitted a second health care request form seeking dental treatment. This request stated that Mr. Bernacchi had been in pain for a few months. The request was "screened by dental" on June 10, 2021, but Mr. Bernacchi again did not receive any dental treatment. Dr. Meyer created a false medical record, indicating that Mr. Bernacchi received an oral exam on June 17, 2021.

On July 1, 2021, the Indiana Department of Correction ("IDOC") transitioned to a new corporate health care provider. Prior this date, IDOC's corporate health care provider was "Wexford Health."

On August 3, 2021, Mr. Bernacchi finally received a dental exam. Dr. Meyer did not provide this dental exam. Mr. Bernacchi suffered in pain for months while his dental care was delayed.

## III. DISCUSSION

Based on the screening standard set forth above, Mr. Bernacchi's Eighth Amendment deliberate indifference claim **shall proceed** against Dr. Meyer in his individual capacity.

Mr. Bernacchi's Eighth Amendment claim against Wexford Health is **dismissed for failure to state a claim**. To state a § 1983 claim against a corporation acting under color of state law, the plaintiff must allege that he suffered a constitutional deprivation as a result of the corporation's express policy or custom. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002); *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004). The allegation that Wexford Health was IDOC's corporate health care provider during the time Mr. Bernacchi's dental treatment was allegedly delayed, without more, does not state an Eighth Amendment claim.

This summary includes all the viable claims identified by the Court. If Mr. Bernacchi believes the complaint states additional viable claims, he must identify those claims by **May 25, 2022**.

## IV. CONCLUSION

Mr. Bernacchi's Eighth Amendment deliberate indifference to a serious medical need claim **shall proceed** against Dr. Dennis Meyer in his individual capacity. All other claims are dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Dr. Dennis Meyer in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and

Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

The **clerk is directed** to terminate Wexford Health as a defendant on the docket.

**SO ORDERED**.

Date: 5/3/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRYCE BERNACCHI
282002
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Dr. Dennis Meyer
Wabash Valley Correctional Facility – Medical Staff
6908 S. Old US Hwy 41
Carlisle, IN 47838